IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LAZARO MANUEL ALFONSO VALDEZ, <br>    A# 220294690, <br>       Petitioner, <br><br> v. <br><br> DEPARTMENT OF HOMELAND SECURITY OFFICE OF CHIEF COUNSEL, <br>       Respondent. | § § § § § § § § § § § | No. 3:25-CV-3205-O |

## **ORDER**

Before the Court is the *Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241*, received from Petitioner Lazaro Manuel Alfonso Valdez on November 21, 2025. (Dkt. No. 3.)

By Notice of Deficiency and Order signed December 5, 2025, the Court notified Petitioner that his § 2241 petition was not signed as required by Federal Rule of Civil Procedure 11 and that he had not paid the $5 filing fee for a § 2241 action or submitted a request to proceed *in forma pauperis* ("IFP"). (*See* Dkt. No. 5.) The Court ordered Petitioner to, within 30 days of the date of the order, sign and return a copy of his § 2241 petition and either pay the $5 filing fee or file an application to proceed IFP. (*See id.*) The order also informed Petitioner that he must immediately notify the Court of any change of address and cautioned that failure to comply might result in the dismissal of the petition under Federal Rule of Civil Procedure 41(b). (*See id.*)

The deadline for Petitioner to comply with the Court's December 5 order has lapsed, and Petitioner has not filed a signed § 2241 petition, paid the $5 filing fee, filed an application to proceed IFP, or taken any other action manifesting an intent to proceed with his case at this time. Further, the Court's December 5 order, as well as the Court's case opening correspondence to Petitioner, have been returned to the Court as undeliverable, and Petitioner has not apprised the

Court of his current address.  (*See* Dkt. Nos. 4, 6.)

Petitioner has failed to comply with the Court's December 5 order to return a signed § 2241 petition, either pay the filing fee or file an IFP application, and update his address, despite a warning that failure to comply could result in the dismissal of his petition.  By not complying with the Court's December 5 order, Petitioner prevents this action from proceeding and has failed to prosecute his lawsuit.  Accordingly, the Court exercises its inherent power to prevent undue delays in the disposition of pending cases and **DISMISSES** this habeas action without prejudice under Rule 41(b) for failure to prosecute or follow orders of the Court.

**SO ORDERED** on January 15, 2026.

_____
Reed O'Connor
**CHIEF UNITED STATES DISTRICT JUDGE**

2